# DAVID B. PHELPS

*v.*

# ALEXANDER A. FICKES *et al.*

APPEAL—*when it will.lie.* It is only from final judgments or decrees that an appeal will lie to this court. And where questions are presented upon appeals from decisions of the lower court not final, this court will refuse to consider them, and will dismiss the appeal.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. LACEY & WALLACE, for the appellant.

Messrs. DEARBORN & CAMPBELL, for the appellee.

Mr. JUSTICE SCOTT.delivered the opinion of the Court:

This was an action of debt, brought in the circuit court of Mason county by the appellant, on a replevin bond, against appellee Fickes as principal, and the other appellees as securities, on the bond.

To the original declaration, filed herein, the appellees filed three pleas, upon which issue was joined. Subsequently, under leave of the court to file an amendment to the declaration, the appellant filed an additional count.

A demurrer interposed to the amendment or second count of the declaration, was, by order of the court, sustained, and under the provisions of the statute the costs accruing thereon were adjudged against the appellant.

From the order and judgment of the court sustaining the demurrer and awarding costs, the appellant now prosecutes this appeal.

No disposition whatever was made by the circuit court of the issues joined on the several pleas to the first or original

count of the declaration, and no final judgment was or could be rendered in the cause while those issues remained undetermined.

It is only from final judgments or decrees that an appeal will lie to this court. There having been no final judgment in this cause, the appeal was improvidently awarded, and for that reason must be dismissed.

We are asked by counsel to consider the questions raised by the demurrer to the second count of the declaration. This we must decline to do. It is not practicable for this court to consider separately questions as they may arise in the progress of a suit. We can only consider the case when the whole record is before us for final adjudication.

The appeal must be dismissed.

*Appeal dismissed.*