# National Transit Company and J. C. McDowell *v.* United States Pipe Line Company, Appellant.

*Appeals—Final decree—Interlocutory decree—Decree appointing a master to conduct stockholders' meeting of a corporation.*

A decree is not final, within the meaning of the act conferring appellate jurisdiction, unless upon its affirmance nothing remains but to execute it.

A decree appointing a master to conduct a meeting of the stockholders of a corporation, and to report to the court, is not final, and an appeal does not lie from it. In such a case it is immaterial that the court has found as a fact that the complainants who filed the bill for the appointment of a master were stockholders of the corporation, and had been forcibly excluded from a meeting previously held.

Argued Feb. 16, 1897. Appeal, No. 91, Jan. T., 1897, by defendants, from decree of C. P. McKean Co., Oct. T., 1896, No. 6, on bill in equity. Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL and DEAN, JJ. Appeal quashed.

Bill in equity for the appointment of a master to conduct a stockholders' meeting.

Motion to quash appeal.

The facts appear by the opinion of the Supreme Court.

*M. F. Elliott*, with him *H. McSweeney*, for motion to quash. —The decree was merely interlocutory and not appealable: Cake

v. Cake, 106 Pa. 472; Davis v. Hood, 13 Pa. 171; Logan v. Penna. R. R., 132 Pa. 403; O'Hara v. Pa. R. R., 2 Grant Cases, 241; Grant v. Phoenix Ins. Co., 106 U. S. 429; Ins. Co. v. Adams, 9 Peters, 571; Young v. Smith, 15 Peters, 287; Ex parte S. & N. Ala. R. R., 95 U. S. 221; Green v. Fisk, 103 U. S. 518.

*Roger Sherman*, with him *W. E. Burdick*, for appellant.—A decree to be final for the purposes of an appeal, must leave the case in such a condition that, if there be an affirmance here, the court below will have nothing to do but to execute the decree it has already entered: Dainese v. Kendall, 119 U. S. 53; Winthrop Iron Co. v. Meeker, 109 U. S. 180; Bostwick v. Brinkerhoff, 106 U. S. 3; Mills v. Hoag, 7 Paige, 18; St. Louis &c. R. R. v. Southern Express Co., 108 U. S. 24; Forgay v. Conrad, 6 Howard, 204; Johnson v. Everett, 9 Paige, 636.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 22, 1897:

This motion to quash defendant's appeal from the decree of February 3, 1897, is grounded on the averment that the same " is not a final decree from which an appeal could lawfully be taken." If this be so, the motion to quash must prevail.

Considered as a whole, it is very evident that the decree in question is merely interlocutory, and not, in any proper sense of the word, definite. After determining, among other preliminary questions, that the plaintiffs, respectively, as owners of stock in the defendant company, are entitled to vote the same at all stockholders' meetings of said company; that at the stockholders' election in 1895 they were forcibly prevented from voting said stock, and there is reasonable ground to believe that they will again be prevented from voting the same at the adjourned stockholders' meeting, etc., the court appointed W. J. Lewis, Esq., master, to conduct said adjourned meeting at the time and place appointed therefor,—" to call the meeting to order, to preside thereat during its session, and secure admission of stockholders and their proxies to said· meeting; that, immediately after the organization of said meeting the judges of election shall proceed, under the supervision of said master, to hold the election for a board of eleven directors of said defendant company, and at the said meeting the said judges shall receive

and count the votes of 'said plaintiffs' and of all persons entitled to vote at said election in person or by proxy." The decree also requires the master to make report to the court of the proceedings of said meeting and the count of the votes as directed to be taken; and also make report "of the several objections to the vote of any stockholders, the facts thereof, the evidence concerning the same and the decision of the master thereon," etc., with power to adjourn said meeting "to the same place and for a period not exceeding thirty days from the date of said adjournment."

The prayer for appointment of a master, for the purposes aforesaid, being grounded on the averments that each of the plaintiffs was and is a stockholder in said company, that at the election for directors in 1895 they were forcibly excluded from the room in which the election was held, etc., the truth of these averments was necessarily a preliminary question for the determination of the court below, before proceeding to make said appointment; and that is all that is meant by that portion of the decree which the defendant erroneously assumes to be final and now the subject of appeal.

It is very evident from the foregoing provisions of the decree, that the action of the court, in ascertaining and announcing the necessary preliminary facts, is not final in the sense that an appeal may be taken therefrom immediately; nor could it have been so intended. The cause was and still is pending and undetermined in the court below, and fully under its control. The master, as its officer, has not yet performed the duties of his appointment. On the coming in of his report, the case, with all the material facts connected with the election etc., will then be before the court for further hearing, consideration and final determination. An important part of the duty of the trial court thus remains to be performed; and what the final decree may be cannot be anticipated by any appellate court. Notwithstanding the merits, or what may appear to be the merits of a cause, may have been substantially decided, where anything remains to be done, an appeal, as a general rule, does not lie: Ins. Co. v. Adams, 9 Peters, 571. As was said in Grant v. Phœnix Ins. Co., 106 U. S. 429, "a decree is not final, within the meaning of the act conferring appellate jurisdiction, unless upon its affirmance nothing remains but to exe-

ute it." As to some interlocutory orders and decrees, such for example, as a decree for an account, special statutory provision has been made for an appeal, but the case before us is not one of them.

Appeal and certiorari quashed at defendant's costs.