JENKINS & REYNOLDS COMPANY *et al. v.* ANNA R. WELLS,

and

JENKINS & REYNOLDS COMPANY *et al. v.* JOHANNA BAER.

*Opinion filed February 21, 1906—Rehearing denied April 5, 1906.*

1. APPEALS AND ERRORS—*interlocutory order cannot be appealed from unless the statute so provides.* Unless permitted by statute an interlocutory order cannot be appealed from, and is reviewable only on appeal from the final judgment or decree.

2. SAME—*a decree in mechanic's lien proceeding is final only when it terminates the litigation.* A decree in a proceeding to establish a mechanic's lien is final only when it terminates the litigation between the parties upon the merits of the case.

3. SAME—*order permitting defendant to appear and plead is interlocutory.* An order permitting a defendant in chancery who has not been summoned or served with a copy of the bill or received the notice required to be sent, to appear and answer the bill, is interlocutory and not appealable.

APPEALS from the Appellate and Branch Appellate Courts for the First District;—heard in those courts on appeals from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

EDWIN C. CRAWFORD, and WILLIAM A. DOYLE, for appellants.

HOLDEN & BUZZELL, (WILLIAM H. HOLDEN, of counsel,) for appellee Anna R. Wells.

STEIN, MAYER, STEIN & HUME, (PHILIP STEIN, of counsel,) for appellee Johanna Baer.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 27, 1904, the superior court of Cook county entered a decree establishing mechanics' liens in favor of appellants upon certain real estate in that county. There

were several encumbrances on the real estate, and the holders of notes secured thereby had been made defendants by the description of unknown owners and the service upon them was by publication of notice.   On May 20, 1904, Anna R. Wells filed her petition for leave to appear and answer as a defendant as one of such unknown owners, alleging that she was the owner and holder of two mortgage interests; that her liens antedated in time all the contracts on which the decree was based; that she had not been summoned or served with a copy of the bill or intervening petition in said cause, and had received no notice of the pendency of the suit mailed by the clerk of the court nor any notice of the entry of the decree, and asking that upon the hearing the decree might be set aside, modified or altered, as to the court might seem just and proper.   On June 12, 1905, Johanna Baer filed a like petition, alleging that she was the owner of one mortgage interest on the premises and asking similar relief.   The court entered orders permitting said Anna R. Wells and Johanna Baer to enter their appearances upon payment to appellants of certain sums specified in the orders, and they were ruled to plead, answer or demur within certain times fixed in said orders.   Appeals were taken from each order to the Appellate Court for the First District.   That court dismissed the appeal taken from the order allowing Anna R. Wells to appear and plead, and filed an opinion stating the ground of dismissal to be that the order was merely interlocutory and not such an order as could be appealed from. The appeal from the order permitting Johanna Baer to appear and plead was assigned to the Branch Appellate Court, which dismissed the appeal on her motion.   From the orders of the Appellate Court appeals were taken to this court.

The errors assigned in the Appellate Court were not considered by that court or the Branch Appellate Court, both of which refused to entertain or consider them and dismissed the appeals.   The only question to be considered by us is whether the orders dismissing the appeals were correct.

The right of appeal is created by statute, and in the absence of a statute permitting it an interlocutory order made in the progress of a cause cannot be appealed from, and such an order can only be reviewed on an appeal from the final judgment in the cause. (*Phelps* v. *Fickes,* 63 Ill. 201; *Young* v. *Matthiesen & Hegeler Zinc Co.* 105 id. 26; *Sholty* v. *Sholty,* 140 id. 81.) In a case like this, an appeal will only lie from a final order, judgment or decree, and a decree is final only when it terminates the litigation between the parties on the merits of the case. (*Gade* v. *Forest Glen Brick Co.* 158 Ill. 39; *Callahan & Son* v. *Ball,* 197 id. 318.) The orders appealed from in this case are interlocutory, merely, and determine nothing as to the merits of the controversy. Section 19 of chapter 22 of the Revised Statutes secures to a defendant who has not been summoned or served with a copy of the bill or received the notice required to be sent him by mail, the right to appear and answer the complainant's bill upon the payment of such costs as the court shall deem reasonable in that behalf, and it is provided that thereupon such proceedings shall be had as though the defendant had appeared in due season and no decree had been made. If it shall be made to appear upon the hearing that no decree should have been made against the defendant, it is to be set aside, altered or amended, as shall appear just, but otherwise it is to stand confirmed against the defendant. When the order was made permitting the defendants, Anna R. Wells and Johanna Baer, to appear and answer, the merits of the case were in no manner involved or decided and the subject matter of the litigation was not disposed of. They were allowed to plead, answer or demur within certain fixed times, and the cause would proceed in the same manner as though they had appeared in apt time. The cause is still pending in the superior court, and upon a hearing the final decree may be in favor of appellants, ordering that the original decree shall stand confirmed against the appellees.

The statute does not allow an appeal from such orders as these, and the superior court erred in granting the appeal.

The judgments of the Appellate Court and Branch Appellate Court are affirmed.          *Judgment affirmed.*