(February 4, 1925.)

## EARL FRUIT COMPANY, a Corporation, Plaintiff, v. STATE, Defendant.

[233 Pac. 518.]

FOREIGN CORPORATIONS—QUALIFYING TO DO BUSINESS IN THE STATE—
BECOMING DELINQUENT—REINSTATEMENT—PAYING ALL DELINQUEN-
CIES—RECOMMENDATORY JUDGMENT—WHEN DENIED.

    1.  C. S., chap. 187, prescribes what a foreign corporation shall do in order to be permitted to transact business in this state the same as a domestic corporation, and C. S., chap. 188, requires both classes of corporations to pay an annual license fee and in default of doing so they become delinquent and lose their right to transact business in this state until such defaulting corporation has paid all delinquencies and been reinstated in accordance with the requirements of this chapter.

    2.  Where a foreign corporation has qualified to do business in this state and thereafter ceases to do business and fails to pay the annual license fee provided for in C. S., chap. 188, it cannot re-enter the state and become qualified to do business except by paying all delinquencies against such corporation in an amount equivalent to what it should have paid had it not become delinquent and had not ceased to do business in the state.

Original proceeding in this court for recommendatory judgment. *Action dismissed.*

Chas. M. Kahn, for Plaintiff.

A state cannot prevent a foreign corporation from withdrawing from its jurisdiction, should it so desire. (*De Castro v. Compagnie Francaise,* 76 Fed. 425; *Forrest v. Pittsburg Bridge Co.,* 116 Fed. 357, 53 C. C. A. 577.)

A. H. Conner, Attorney General, and Jas. L. Boone, Assistant, for Defendant.

Every power which a corporation exercises as such in another state depends for its validity upon the laws of the sovereignty in which it is exercised, and the assent of the state may be upon such terms and conditions as the state may deem proper. (14-A. C. J. 1215; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Continental etc. Investment Co. v. Hattabaugh,* 21 Ida. 285, 121 Pac. 81.)

A foreign corporation which has complied with the constitutional and statutory requirements has all the rights and privileges of like domestic corporations, and is subject to the laws applicable to like domestic corporations, but may not enjoy any greater rights or privileges than corporations of the same or similar character created under the laws of Idaho. (C. S., secs. 4772, 4773, 4779–4782; Const., sec. 10, art. 11.)

There is no provision in our statute for the withdrawal of a corporation from this state, and if its right to do business has once been forfeited, there is only one method by which it can be reinstated. (Sec. 4787, C. S.)

BAUM, District Judge.—This is an original action brought under art. 5, sec. 10, of the constitution of Idaho to obtain a recommendatory decision of this court upon a claim asserted by the plaintiff against the state in the sum of $431.25.

The complaint alleges the following: That plaintiff is a California corporation, and in 1913 complied with the laws of this state relative to foreign corporations; that it continued to do business in Idaho until 1917, when a new corporation was organized under the laws of Delaware, which

took over all the business of the plaintiff in this state; that the Delaware corporation complied with the laws of the state relative to foreign corporations, and from 1917 until 1923 paid the annual license fees and transacted business in Idaho, and that during this time plaintiff did not transact any business in this state. In 1923 the plaintiff decided to re-enter the state and accordingly took over all the business and affairs of the Delaware corporation in Idaho, filed copies of its amended articles of incorporation and designation of agent and paid the required fees, including the fees and penalties for the intervening year. In 1917, when the Delaware corporation took over the plaintiff's business, plaintiff attempted to withdraw from Idaho by tendering to the Secretary of State a written certificate of withdrawal and cancelation of its designation of agent. The Secretary of State declined and refused to accept these papers for filing and refused to issue a certificate of withdrawal and cancelation, and on December 1, 1917, plaintiff having failed to make payment of the requisite fees, the Secretary of State, in accordance with the law, declared the charter of said plaintiff forfeited. When the plaintiff resumed business in Idaho in 1923 it tendered to the Secretary of State the sum of $192.50 for filing its articles of incorporation. The Secretary of State refused to accept said sum, or to accept the filing, unless the plaintiff paid $623.75, which was the amount of the annual license fees from 1917 to 1923 with penalties, plaintiff's right to do business in Idaho having been forfeited under the provisions of C. S., secs. 4784 and 4786. Plaintiff paid the sum of $623.75 under protest, and alleges that it did so by reason of business exigencies, and it thereafter presented a claim to the board of examiners for $431.25, the difference between the amount paid and the amount it had tendered to the Secretary of State. This claim was rejected by the board of examiners.

The state interposed a demurrer upon two grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) that the court has no

jurisdiction over the subject matter of this action. Upon the issues thus presented this cause is to be determined.

Counsel for plaintiff contends that plaintiff by tendering its certificate of withdrawal and cancelation of its designation of agent had done everything within its power to withdraw from the state, and that by doing no business in the state after tendering for filing said certificate of withdrawal and cancelation of designation of agent it did in fact withdraw, and that when it sought to again re-enter it did so with the same rights and privileges as if it never had done business in Idaho, and was entering the state for the first time, notwithstanding the fact that on December 11, 1917, the Secretary of State, in accordance with the law of the state of Idaho, declared the charter forfeited.

A corporation which seeks to establish a business domicile in a state other than that of its creation must take that domicile as individuals are always understood to do, subject to the responsibilities and burdens imposed by the laws there in force. (14-A Corpus Juris, p. 1240, sec. 3945.)

When plaintiff entered the state for the purpose of doing business here and complied with the laws in 1913 the statutes pertaining to foreign corporations were the same then as at the time of its attempted withdrawal, and its return to the state.

A foreign corporation, before doing business in this state, must file its articles of incorporation with the county recorder of the county which is designated as its principal place of business and a certified copy with the Secretary of State, and designate a statutory agent. It must each year thereafter furnish an annual statement and pay an annual license fee. When it complies with these requirements it has all the rights and privileges and is subject to the laws applicable to like domestic corporations, but shall not enjoy any greater rights or privileges than like domestic corporations. (Const., art. 11, sec. 10; C. S., chap. 187.) This chapter prescribes what a foreign corporation shall do in order to transact business in the state the same as a domestic corporation, and chap. 188 requires both classes to pay an annual

license fee, prescribes how they will become delinquent, and the manner of reinstatement.

C. S., sec. 4786, provides that a domestic corporation that fails to pay its annual license fee shall forfeit its charter, and a foreign corporation failing to do so forfeits its right to do business in the state. C. S., sec. 4787, provides how a corporation in either class that has become delinquent may be restored to its former status.

*Brown-Ketcham Iron Works v. George B. Swift Co.,* 53 Ind. App. 630, 100 N. E. 584, discusses the right of a foreign corporation to withdraw from the state after it had entered the state and complied with the laws relating to foreign corporations, under a statute like ours where there is no provision for a withdrawal from the state by such corporation or for the revocation of the authority of the designated agent, and while it was discussing the matter of service of process, on a corporation that had endeavored to withdraw, the general principle of law announced is the same, and as there said:

"Inasmuch as the statute makes no provision for the withdrawal from the state by such corporation, or for the revocation of the authority of the agent designated as the person upon whom service of process could be had in all suits against such corporation, such consent for service of process extends to all actions relating to any business done by the corporation while so in the state . . . .

"In determining the validity of such statutes and the force and effect to be given the same, it must be remembered that a foreign corporation stands upon a different footing from that of a citizen of another state who comes within our borders to do business. . . . . The state may, by legislative enactment, grant or refuse a foreign corporation the right to do business within its borders, and may provide and prescribe the terms and conditions upon which such corporation may come into the state for such purpose. . . . . If the act in question be considered only as a vehicle affording a means to the corporation to do business, it would be clear that, when the corporation no longer wanted to do business, there would

be no further reason for the agency. But the purpose of the law was not alone to secure or give to the foreign corporation the right to do business within the borders of the state, but its purpose was likewise to afford to the citizens of the state with whom such corporation might do business the opportunity, in case it was necessary, to make such corporation yield itself to the jurisdiction of the courts of this state for the purpose of having determined any rights or liabilities that may have accrued to such citizens of the state by reason of the business done in the state by such corporation under its license.''

The statute makes no provision for the withdrawal of a corporation that wishes to go out of business entirely or to suspend business for a time, and in the absence of such a provision and in view of the provision relating to reinstatement, it is plain that there is no other method provided for a re-entry of a foreign corporation into the state after it has become delinquent, and that there is no plan provided whereby it may voluntarily withdraw from the state. The question of the fairness or equity of the case is a matter addressed to the discretion of the law-making power, not to the court.

For the reasons stated the first ground of the demurrer interposed by the state is sustained, which makes it unnecessary to discuss the second ground. It is therefore ordered that the action be dismissed.

William A. Lee, C. J., Wm. E. Lee, Budge and Givens, JJ., concur.