(No. 5274. March 30, 1929.)

H. SALCHERT, Appellant, v. JAMES F. RICE and EUCLID CODE, Respondents.

[276 Pac. 305.]

McNamee & McCarty, for Appellant, 

H. E. Ray, Sam S. Griffin, William H. Langroise, for Respondent Rice.

Tannahill & Leeper, for Respondent Code.

WM. E. LEE, J.—Appellant, plaintiff below, brought this action to recover damages for malicious prosecution. The amended complaint contains two separate causes of action. The first is based on criminal proceedings instituted against plaintiff in a state court, and the second on criminal proceedings instituted against him in a federal court. The district court struck certain allegations from

the first cause of action, overruled a demurrer interposed thereto, and sustained a demurrer to the second cause of action. Plaintiff refused to plead further, and the court made an order dismissing the second cause of action. This appeal is prosecuted from the order of dismissal. Respondents move to dismiss the appeal on the ground that the order dismissing the second cause of action is not appealable.

Under its power to provide a proper system of appeals, the legislature has enumerated the orders of a district court from which an appeal may be taken, C. S., sec. 7152, leaving intermediate orders and decisions to be reviewed on appeal from an appealable order, C. S., sec. 7170. (*Mahoney v. Elliott,* 8 Ida. 356, 69 Pac. 108; *Maple v. Williams,* 15 Ida. 642, 98 Pac. 848; *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 691; *Weiser Irr. Dist. v. Middle Valley, etc.,* 28 Ida. 548, 155 Pac. 484.) Unless an order dismissing one of two causes of action may be said to be a final judgment, it is not an order from which an appeal may be taken; for the order in question is certainly not any of the other judgments or orders mentioned in C. S., sec. 7152, from which an appeal may be taken. "A judgment is the final determination of the rights of the parties in an action or proceeding," C. S., sec. 6826. "A final judgment has been stated to be one which disposes of the subject matter of the controversy or determines the litigation between the parties on its merits." (*Lamberton v. McCarthy,* 30 Ida. 707, 168 Pac. 11.) While the causes of action are separate, they are one and the same action by one plaintiff against two defendants. The asserted liability of the defendants is joint. The order is not final as to any of the parties; it is not complete as to the action. It neither disposes of the entire subject matter of the action nor determines the litigation on its merits. The order is not, therefore, a final judgment from which an appeal may be taken. (3 C. J. 446, sec. 259; *Sheppy v. Stevens,* 200 Fed. 946; *Russell v. St. Louis &. Suburban Ry. Co.,* 154 Mo. 368, 55 S. W. 454; *Commercial Nat. Bank v. Consumers Brewing Co.,* 16 App. D. C. 186; *Greig v. Elliott,* 29 Colo. 283, 68 Pac. 237;

*United States v. Bighorn Sheep Co.*, 276 Fed. 710; *Stein v. Lazarus*, 33 Ga. App. 791, 128 S. E. 696; *Phelps v. Fickes*, 63 Ill. 201.)

The appeal is ordered dismissed. Costs to respondents.

Budge, C. J., Givens, J., and Hartson, D. J., concur.