[No. 24246.  Department One.  March 6, 1933.]

GENERAL SHERMAN CONSOLIDATED GOLD MINES, LTD., *Respondent,* v. E. H. BURRIS, *Appellant.*[1]

[1]Reported in 19 P. (2d) 665.

*A. C. Bannon*, for appellant.

*M. H. Van Nuys*, for respondent.

PARKER, J.—This is an appeal by the defendant, Burris, from an interlocutory order of the superior court for King county ordering him to deposit into the custody of the clerk of the superior court certain records and papers in his possession belonging to the plaintiff, Gold Mines, there to remain until the further order of the court, subject to inspection by parties to the action and others having corporate interest in the plaintiff.

The plaintiff, a corporation organized under the laws of the state of Nevada, commenced this action seeking an accounting from the defendant, Burris, with reference to his doings in the affairs of the corporation while he was president and a director thereof, and seeking recovery from him of property of the corporation in his possession, he having been such president and director from sometime prior to shortly before the commencement of this action.

Soon after the service of the summons and complaint upon the defendant, the plaintiff petitioned the court for an order to compel the defendant to deposit certain records and papers in his possession belonging to the plaintiff into the custody of the clerk of the superior court, to the end that they be available for inspection and safekeeping pending the final disposition of the action. The defendant responded to the service of the summons and the complaint upon him in King county, and to this petition, by special appearance, challenging the jurisdiction of the court upon grounds other

than want of personal service of the summons and complaint upon him; and, reserving such special appearance, by denials and allegations putting in issue the right of the plaintiff to have the records and papers of the corporation in his possession deposited in court as applied for.

The issues so made, touching the plaintiff's right to have such records and papers so deposited with the clerk of the court, came on for hearing, at which affidavits and other evidence of large volume were submitted to the court, at the conclusion of which hearing the court entered its order directing the defendant to deposit the records and papers belonging to the plaintiff in his possession with the clerk of the court, and that they "remain in the custody of said clerk until the further order of the court, and while in custody that they be open to inspection." It is from this order that the defendant has appealed to this court.

At the hearing, the inquiry, we think, took an unnecessarily wide range into the merits of the controversy determinable upon the final disposition of the case. The following, it seems to us, is a sufficient further summary of facts necessary to be here noticed: While the plaintiff is a corporation existing under the laws of the state of Nevada, its activities have been almost wholly within this state. Its directors and officers have at all times in question been residents of this state. Its several directors' meetings, other than the first one, have all been held in this state, as concededly they legally could be held under the laws of Nevada. Its mining property rights are wholly in the state of California. Its dealings with others in this state have been practically wholly the selling of its stock by the defendant.

The showing made upon the hearing was, at least *prima facie,* that the defendant is accountable to the

plaintiff for funds and securities coming into his possesion as the result of those sales; that he has not accounted therefor and refuses to do so; that the records and papers sought to be deposited in court ought to be so rendered available to its officers prosecuting this action, pending its final disposition; and that such depositing of those records and papers will not interfere in the least with any lawful activities of anyone having any rights as director, officer or stockholder of the plaintiff. This is true also as to the defendant, though it be ultimately adjudged that he is the lawful custodian of those records and papers as president of the plaintiff, which is one of the matters of controversy in the action.

It is contended in behalf of the defendant that the order should be reversed for want of jurisdiction in the superior court, in that it is a controversy relating to the internal affairs of the plaintiff, a foreign corporation. We think the answer to this contention is found in the fact that all of the parties to the action reside in this state; that the whole of the subject-matter of the action is in this state; that practically all of the corporate activities of the plaintiff have, since its organization, been in this state; and that all of its officers and stockholders reside in this state. Surely, under such conditions, our courts should not refuse to entertain this action. In *Beard v. Beard,* 66 Ore. 512, 133 Pac. 797, 134 Pac. 1196, wherein an officer of a Washington corporation sought recovery of property of his corporation in a court of Oregon, Justice Bean, speaking for that court, made these enlightening observations:

"The doctrine that courts decline jurisdiction of controversies relating to the management of the internal affairs of a foreign corporation is not strictly a question of jurisdiction, but rather of discretion in

the exercise of jurisdiction. Except in cases involving the exercise of visitorial powers, the rule rests more upon grounds of public policy and expediency than upon jurisdictional grounds, and more upon a want of power to enforce a decree than upon jurisdiction to make it.

"Where the relief sought amounts to requiring a resident of the state, who has been an officer in the corporation, to deliver property to his successor in office, who has been duly elected, in order that the property may be cared for and protected, and where all the parties interested are residents of this state, and where the authority of the court is to be exercised upon the person of the defendant, and the action is brought in behalf of the corporation, the court should exercise the power of determining the controversy without remanding the suitor to a foreign jurisdiction in which it is shown that services of process cannot be had upon the defendant. *Babcock v. Farwell*, 245 Ill. 14 (91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74); *Edwards v. Schillinger*, 245 Ill. 231 (91 N. E. 1048, 137 Am. St. Rep. 308, 33 L. R. A. (N. S.) 895); *Ernst v. Rutherford*, 38 App. Div. 388 (56 N. Y. Supp. 403, 405); *Richardson v. Clinton Wall, etc., Co.*, 181 Mass. 580 (64 N. E. 400); Beale, Foreign Corporations, §§ 300-312.

"This is not an action where it is claimed that an officer of a corporation has offended solely against the majesty of the State of Washington. It appears from the pleadings and all the evidence that the action is brought to protect the rights of stockholders and citizens of this State to the property in the corporation. No good reason appears why they are not entitled to receive full relief in our courts, in so far as such relief can be accomplished by acting directly on the person of the defendant."

█ It is further contended in behalf of defendant that, in any event, the order should be reversed upon the merits. We do not think so. We are of the opinion that the facts above noticed render it plain that the

order is a discretionary order, and that, in entering it, the trial court did not abuse its discretion.

It appears to us that there is room for arguing that the order is not appealable by reason of its interlocutory nature. However, the plaintiff has not moved to dismiss the appeal. Hence, we have assumed, but do not now decide, that it is appealable. There may be some room for arguing that it is in the nature of an interlocutory, temporary injunction, and is therefore appealable under Rem. Rev. Stat., § 1716, subd. 3. We find it unnecessary, however, to pursue this inquiry.

Mrs. Burris is a defendant with her husband, E. H. Burris, and is also an appellant with him in this court. Evidently, she was made a defendant because any accounting which may be required and judgment thereon rendered against Mr. Burris may become, in effect, a judgment against their community. We have referred to him alone, as though he were the only defendant and appellant, merely for convenience of expression.

The order appealed from is affirmed.

BEALS, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.