(No. 7253. June 30, 1945.)

C. H. HUNTER, J. V. GRISMER, and JOHN B. NELSON, Respondents, v. MERGER MINES CORPORATION, MORRIS PEARSON, EBBA PEARSON, ALVIN COLLINS and FRED OLSON, Appellants.

[160 Pac. (2d) 455.]

Whitla & Knudson for appellants.

H. J. Hull, W. F. McNaughton, and Frank Griffin, for respondents.

GIVENS, J.—Respondent stockholders sued under Section 29-136, I.C.A. to annul a corporate election as invalid, and secure a new one, and the election of three instead of only one director, and inspection of corporate records.

After an extensive hearing, the trial court entered findings of fact, conclusions of law and ordered a new

election to be held under the auspices of a special master appointed for that purpose.

Appellants, ancillary to their appeal, sued out an alternative writ of prohibition against respondents and the learned trial judge to stay the ordered election and attendant proceedings. In their brief and on their presentation of the case orally, they additionally urged Section 11-211, I.C.A., stays the proceedings.

Respondent's resistance is bottomed on the propositions that the order was not final because of the reservation therein[1]; and take issue with appellants as to their construction of Section 11-211, supra, and argue that Section 29-136, supra, provides for a summary hearing which would be rendered nugatory if an appeal lies, or prohibition issue to restrain the carrying out of the order and, therefore, it should be held that the order is not appealable under Section 11-201, I.C.A. and move to dismiss the appeal.

██ The reservation evidently contemplated encompassing more than mere enforcement of the order forecasting that questions additional to those determined at the previous hearing, might arise; therefore, the order was not final. (*Evans State Bank v. Skeen,* 30 Ida. 703, 167 P. 1165; *Lamberton v. McCarthy,* 30 Ida. 707, 168 P. 11; *National Transit Co. v. United States Pipe-Line Co.* (Pa.), 36 A. 724.)

Not being final the order is not appealable under Section 11-201, I.C.A.[2] Therefore, respondents motion to dismiss the appeal must be granted. (*Continental Etc. Bank v. Werner,* 33 Ida. 764, 198 P. 471; *Blaine County Nat. Bank v. Jones,* 45 Ida. 358, 262 P. 509; *Salchert v. Rice,* 47 Ida. 422, 276 P. 305.)

---

[1] "12. The Court does hereby retain jurisdiction of this proceeding pending the calling and holding of said reconvened meeting and election, and pending the report of the Master and a hearing thereon, or such other appropriate action as the Court may order."

[2] "11-201. Judgments and orders appealable—Time for taking appeals.—An appeal may be taken to the Supreme Court from a district court:

1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered; * * *."

■ The appeal being dismissed, Section 11-211, supra, is inoperative, to effect a stay.

■ The writ of prohibition was sued out only to 'preserve the status quo during the pendency of the appeal.' The appeal being dismissed the essential basis for the writ herein has disappeared and the alternative writ heretofore issued is quashed. (*Gropp v. Huyette*, 35 Ida. 683, 208 P. 848.)

Budge, Holden and Miller, JJ., concur.

Ailshie, C.J., did not sit or participate.