170 P.2d 800

## HUNTER et al. v. MERGER MINES CORPORATION et al.

### No. 7286.

Supreme Court of Idaho.

July 3, 1946.

Whitla & Knudson, of Coeur d'Alene, for appellant.

Frank Griffin and W. F. McNaughton, both of Coeur d'Alene, and H. J. Hull, of Wallace, for respondents.

AILSHIE, Chief Justice.

In 1945 an appeal in this case was dismissed and alternative writ of prohibition, staying the election of directors and attendant proceedings, was quashed. Hunter v. Merger Mines Corporation, 66 Idaho 438, 160 P.2d 455. Thereafter the matter was heard by the lower court and it was thereupon ordered that the corporate meeting and election of the Merger Mines Corporation be set and the order granting a stay of proceedings be revoked and set aside, and the meeting and election was held; and it was thereafter ordered that the return and report of the special master previously appointed be approved and confirmed; and that the duly elected directors be entitled to be admitted as directors of the corporation. From the latter orders, defendant Pearson has appealed.

Respondents moved to dismiss the appeal herein on the ground that the question formerly in controversy has become moot by reason of the election of a new panel of directors and also on the alternative ground that there has been a non-joinder on appeal of a necessary party, the Merger Mines Corporation.

It is respondents' contention that the authorities cited by appellant are not applicable to the facts in this case, for the following reasons: That appellant Pearson has arbitrarily dropped from the action the Merger Mines Corporation, which is a party to the proceedings in the court below and a necessary party in this action; that, if the corporation had desired to appeal, its time for such appeal has now expired; that the interests of the Merger Mines Corporation are adverse to appellant, Pearson; that all parties, who may be affected by a reversal or modification of

the judgment, are necessary parties on review of the judgment.

We pass these contentions for consideration of the decisive question, which is the crux of the controversy, namely, jurisdiction of the Idaho court to make and enter the rulings and orders involved herein.

■ The Merger Mines Corporation was organized under the laws of Arizona, for the purpose of taking over Idaho property of two Idaho corporations, the Aetna and the Bear Top. When this corporation came into Idaho and began doing business in the state, it thereby accepted the provisions of sec. 10 of art. 11 of the Constitution, which provides as follows:

"No foreign corporation shall do any business in this State without having one or more known places of business, and an authorized agent or agents in the same, upon whom process may be served; and no company or corporation formed under the laws of any other country, state, or territory, shall have or be allowed to exercise or enjoy, within this State, any greater rights or privileges than those possessed or enjoyed by corporations of the same or similar character created under the laws of this State."

Not only that, but in doing so it accepted and became subject to the provisions of secs. 29-136,[1] 29-508,[2] and 29-150,[3] I.C.A.

---

[1] "29-136. Judicial review of corporate elections.—Upon the application of any person, or body corporate, aggrieved by any election held by any corporate body, or any proceedings relating to any such election, the district judge of the district in which such election is held, must proceed forthwith summarily to hear the allegations and proofs of the parties, or otherwise inquire into the matters of complaint, and thereupon confirm the election, order a new one, or direct such other relief in the premises as accords with right and justice. Before the proceedings are had under this section five days' notice thereof must be given to the adverse party, or to those to be affected thereby, if found within the state."

[2] "29-508. Effect of compliance.—Foreign corporations complying with the provisions of this chapter shall have all the rights and privileges of like domestic corporations, including the right to exercise the right of eminent domain, and shall be subject to the laws of the state applicable to like domestic corporations."

[3] "29-150. Merger and consolidation authorized.—1. Any two or more domestic corporations, formed for any purpose for which a corporation might be formed under this act, and any domestic corporations and any foreign corporations with authority to carry on any business for the conduct of which a corporation might be organized under this act, may be;

"a. Merged into one of such domestic corporations; or,

"b. Consolidated into a new corporation to be formed under this act, provided such foreign corporations are authorized by the laws or law of the government under which they were formed to effect such merger or consolidation.

"2. Any such domestic corporations and any such foreign corporations may be:

"a. Merged into one of such foreign corporations; or,

"b. Consolidated into a new corporation to be formed under the law or laws of the government under which one of such foreign corporations was formed, provided the laws of such foreign government authorized such merger or consolidation, and provided further, if any

and is bound by any legal proceedings taken thereunder, the same as a domestic corporation would be.

Respondents contend that the corporation, having been organized for the purpose of merging and taking over Idaho mining property, thereby submitted itself to the jurisdiction of the Idaho courts, subject to the above-cited provisions of the constitution and statute. Its entire holdings within the state of Idaho consist of mining property of the two merged corporations and its sole operation, for purpose of working the property, is in Idaho.

Appellant assigns twenty-two errors committed by the lower court in various rulings at the trial and findings of fact, all of which hark back to the question of jurisdiction of the court to make and enter the orders in reference to holding of the stockholders meetings and election of directors therefor.

Under the constitution and statutes of this state (cited, supra), there is no room for serious doubt of the jurisdiction of the court to make the rulings and findings complained of. Katz v. Herrick, 12 Idaho 1, 86 P. 873; Grismer v. Merger Mines Corporation, D.C., 43 F.Supp. 990, 992, 993, modified and affirmed, 9 Cir., 137 F.2d 335; Wait v. Kern River Min., etc. Co., 157 Cal. 16, 106 P. 98, 100; Kauffman v. Meyberg, 59 Cal.App.2d 730, 140 P.2d 210, 217; General Sherman Consol. Gold Mines, Ltd., v. Burris, 172 Wash. 142, 19 P.2d 665, 666. See also Paul v. State of Virginia, 8 Wall. 168, 181, 19 L.Ed. 357; Union Central Life Ins. Co. v. Rahn, 63 Idaho 243, 118 P.2d 717; Earl Fruit Co. v. State, 40 Idaho 426, 233 P. 518.

The judgment in this case should be affirmed, and it is so ordered, with costs to respondents.

BUDGE, GIVENS, HOLDEN, and MILLER, JJ., concur.

---

railroad, telegraph, express, or other corporation organized under any of the laws of this state, shall consolidate by sale or otherwise with any railroad, telegraph, express, or other corporation organized under any of the laws of any other state or territory, or of the United States, the same shall not thereby become a foreign corporation, but the courts of this state shall retain jurisdiction over that part of the corporate property within the limits of the state in all matters that may arise, as if said consolidation had not taken place."