**The STATE of Oklahoma ex rel. Charles NESBITT, Attorney General, Plaintiff in Error,**

v.

**Bill ROCKWELL, Defendant in Error.**

**No. 41766.**

Supreme Court of Oklahoma.

May 21, 1968.

Rehearing Denied July 16, 1968.

Atty. Gen., State of Oklahoma, by W. J. Monroe, First Asst. Atty. Gen., for plaintiff in error.

Watts, Looney, Nichols & Johnson, Oklahoma City, and James E. Hamilton, Poteau, by Burton J. Johnson, Oklahoma City, for defendant in error.

IRWIN, Vice Chief Justice.

This is a declaratory judgment action instituted by various designated LeFlore County officers to determine the constitutionality of Title 19 O.S.Supp.1965, § 180.63, subd. B. The trial court held the statute was constitutional. The Attorney General, at the request of the Governor, intervened and filed a motion to dismiss and a motion for new trial, which was overruled, and this appeal was perfected.

The statute in question imposed upon designated county officers certain additional described duties for which they were to receive compensation in addition to their basic salary. Its provisions are applicable to all counties having both a Federal flood control impoundment and a Federal forest reserve therein.

It is urged that only LeFlore County has the two above described installations. We are informed that McCurtain County may come within this described classification. However, if McCurtain County does come within its purview, it appears these two counties are the only counties in the entire state that have both such described installations within their boundaries.

To justify this classification the county officers contend a large number of acres have been removed from the ad valorem tax rolls and a large number of non-resident visitors are attracted to LeFlore County by reason of these two installations. Several other counties have also had a vast number of acres removed from their tax rolls and also have a great influx of visitors by reason of huge flood control impoundments. However, these other counties do not have an officially designated Federal forest reserve within their boundaries and therefore do not come within the provisions of the statute in question.

The county officers contend and the trial court held that this statute has a prospec-

tive operation; that counties other than LeFlore, such as those mentioned above, may in the future acquire a Federal forest reserve and thereby come within the provisions of this statute. This same basic type argument was rejected in Roberts v. Ledgerwood, 134 Okl. 152, 272 P. 448.

In our opinion the pertinent principles of law we recently expressed in State ex rel. Nesbitt v. District Court of Mayes County, 440 P.2d 700, are controlling in the instant case and are dispositive of this appeal. Applying these principles to the case at bar we hold the Legislative enactment under consideration to be unconstitutional.

Judgment reversed with directions to enter judgment in accordance with the views herein expressed.

JACKSON, C. J., and WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.