The STATE of Oklahoma ex rel. Charles NESBITT, Attorney General, Plaintiff in Error,

v.

J. David RAMBO, Defendant in Error.

No. 41795.

Supreme Court of Oklahoma.

Jan. 7, 1969.

Charles Nesbitt, Atty. Gen., W. J. Monroe, Asst. Atty. Gen., for plaintiff in error.

Vaughan & Smalley, Norman, for defendant in error.

DAVISON, Justice.

J. David Rambo instituted this action in the lower court in which he sought a declaratory judgment determining the constitutionality of 19 O.S.Supp.1965, § 180.63a, and his rights, as County Judge of Cleveland County, to the compensation provided in said statute. The trial court rendered judgment for plaintiff, J. David Rambo, and thereby held he was entitled to the compensation and that the statute was constitutional. The Attorney General, at the request of the Governor of the State, intervened in the matter and has perfected this appeal to this court.

The above statute imposed upon designated county officers, including the county judge, certain described additional duties for which they were to receive compensation in addition to their regular salary. The provisions of the statute made it applicable to all counties of the State having both a "state university and a state mental hospital" therein. It is not disputed that Cleveland County is the only county in the State that has both of these institutions and therefore is the only county that falls within the statutory classification.

The lower court found the classification was reasonable and was not capricious or arbitrary. It sustained this conclusion on the grounds that the State University and State Mental Institution were not on the tax rolls, that these institutions cause a great number of people to reside, work, do business and otherwise be within the county, which results in an increased work load upon the county officials and courts of Cleveland County that is far above that of other counties having a similar population.

In State of Oklahoma ex rel. Nesbitt, Atty. Gen. v. Rockwell, Okl., 443 P.2d 104, we were presented with the question of the constitutionality of 19 O.S. Supp.1965, § 180.63b, which, for similar purposes, made its provisions applicable to all counties having both a Federal flood control impoundment and a Federal forest

reserve therein. We held that Legislative enactment unconstitutional on the basis of the principles of law expressed in State of Oklahoma ex rel. Nesbitt, Atty. Gen. v. District Court of Mayes County, Okl., 440 P.2d 700.

It is our opinion that the above cited decisions are controlling in the present case. It is our conclusion and we hold the Legislative enactment presently under consideration is unconstitutional.

Judgment reversed with directions to enter judgment in accordance with the views herein expressed.

All the Justices concur.