SCHOOLS
Rule No. 13 of "State Board of Education Regulations for Administration and Handbook on Budgeting and Business Management", Bulletin No. 145-S, 1977-78, providing for the granting of outside experience credit if one, at the time of such prior and outside teaching experience, was otherwise eligible to have obtained a teaching certificate, is not unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution nor under applicable state law. Classifications, for teaching experience credit purposes, based, in part, upon preparatory education, training and experience, are constitutionally permissible. The Attorney General has considered your request for an opinion wherein you ask the following question: "Is a person who has had teaching experience in an accredited college or university and not certified prior to that experience, but becomes certified prior to teaching for the State Board of Education and does not receive credit for longevity, denied equal protection of the law under the Oklahoma or United States Constitution by the State Board of Education in contrast to another teacher who has the same college teaching experience but is certified prior to that college teaching experience and begins teaching for the State Board of Education and does receive credit for longevity?" Based upon a review of the background information provided in your request, it appears that your question, in essence, requests an opinion upon the constitutionality, under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and applicable state law, of Rule No. 13, Part I, "The State Board of Education Regulations for Administration and Handbook on Budgeting and Business Management", Bulletin No. 145-S, 1977-1978." This rule and regulation of the State Board of Education is understood to be the regulatory legal basis giving rise to the quoted question and circumstances. Rule No. 13 provides for the regulatory criteria under which personnel experience for longevity is determined under certain defined circumstances. This rule provides, in respects relevant to your question: "A teacher will be considered as having had one year of experience if he or she has taught the equivalent of two-thirds of a full term, contractual year during not more than two school years . . . Veterans agricultural training instructors or any teacher regularly employed by an accredited college or university will be considered as having one (1) year of teaching experience for each year of service after July 1, 1945, if such teaching experience is approved by the State Board of Education, provided such teacher held a Bachelor's Degree at the time these services were performed and was eligible to have been issued a teaching certificate." (Emphasis added, Regulations, p. 10) As previously noted, the above-quoted rule and regulation is one pertaining to the recognition, under certain circumstances, of prior, outside teaching experience. The legal or regulatory recognition of teaching experience is of substantial import viewed in connection with Section 20, Senate Bill 454, Thirty-sixth Oklahoma Legislature (1978), amending the provisions of 70 O.S. 18-114 [70-18-114] (1977). The last-quoted section establishes the statutory minimum salary schedule for teachers, which schedule is based, in part, upon "years of experience". The subject rule in effect provides that experience credit may be given for teaching experience obtained while teaching at an accredited state college or university, i.e., an accredited institution of higher education not under the jurisdiction or supervision of the State Board of Education. In order to be granted the subject experience credit, under Rule 13, basically three conditions must be met. As stated in the rule (paraphrased), credit may be given if: (1) Such teaching experience is approved by the State Board of Education; (2) Such teacher held a Bachelor's Degree at the time services were performed; and (3) Such teacher, at the time services were performed, was eligible to have been issued a teaching certificate. Of the three conditions above noted, your question appears to primarily address the third condition respecting the requirement that one has been eligible to have been issued a teaching certificate at the time of performing college teaching services for which experience credit is sought. Notably, and as distinguished from the specific circumstances expressed in your question, this condition addresses eligibility for a certificate as opposed to being eligible and in fact having obtained such a certificate at the time of performing such teaching services. In this connection, this office has been advised that administratively, when such prior service experience credit is sought, the necessary documents and credentials of the person applying for such credit is forwarded to the certification division of the State Department of Education for purposes of determining if the applicant was eligible, at the time such services were performed, to have been granted a teaching certificate. If so, this requirement would be deemed complied with. If not, the condition would not have been met and such prior service credit would accordingly be denied. Your inquiry addresses itself to the constitutionality of the subject rule and regulation, and the applicable consequential circumstances noted, under the Equal Protection Clause of theFourteenth Amendment, United States Constitution, and similarly applicable guarantees under the Oklahoma Constitution. We understand your inquiry to be whether one, not possessing a teaching certificate, or eligibility for same, at the time prior experience was gained and thereby denied experience credit, is denied equal protection in light of another's being granted such credit if possessing the teaching certificate, or eligibility, at the time of such prior experience. While admittedly the subject rule may be said to create a classification and in that respect is discriminatory, the equal protection guarantee, in this respect, prohibits not discrimination per se, but rather discrimination found to be invidious. Williamson v. Lee Optical of Oklahoma, 75 S.Ct. 461,346 U.S. 483, 99 L.Ed. 563 (1955). It is our view that the subject rule must be sustained as against equal protection challenge if found to have a rational basis, that is, if the subject rule and regulation is found not to be arbitrary, capricious nor unreasonable, and, is based upon a difference having a fair and substantial relation to the object of the legislation and the classifications thereby created. Hayes v. U.S., 112 F.2d 417 (1940); City of Duncan v. Bingham, Okl., 394 P.2d 456 (1964); State ex rel. Nesbitt v. Rambo, Okl., 448 P.2d 1012 (1969). The subject rule is one generally authorized for enactment under the statutory powers and duties of the State Board of Education. Refer, generally, 70 O.S. 3-104 [70-3-104] (1977). Additionally, it is a regulation, the nature and type of which is generally recognized to be authorized. As stated at 78 C.J.S. "Schools and School Districts", 224(2): "With respect to teachers' pay, any allowance based on years of training and experience must be uniform and subject to reasonable classification; uniformity is not violated by a reasonable classification. A board has been held to have the power and discretion to determine whether any credit should be given for outside experience, or to determine, within the bounds of reasonableness, whether credit should be given for certain types of experience and not for others. . . ." (Citing Aebli v. Board of Education, 145 P.2d 601,62 Cal.App.2d 706 (1944); and Rible v. Hughes,160 P.2d 455, 24 Cal.2d 437, 154 A.L.R 137 (1944) See also, 68 Am.Jur.2d "Schools", 144. With regard to Rule No. 13, it is apparent that the basis for the classification or distinction, in respects relevant to your question, is possession of a teaching certificate, or eligibility for same, at the time prior teaching service (for which experience credit is sought) was performed. It is equally apparent that for one to possess such a certificate or to have been eligible to have received same, one must possess qualifications and meet requirements not necessarily possessed by or met by one who may have comparable outside teaching experience but who would not have been eligible for a teaching certificate. For example, should one desire to obtain or be eligible to obtain an elementary school certificate, one must meet all applicable requirements with respect to general education, professional education and specialized education. Refer, generally, "Teacher Education, Certification and Assignment Handbook; Rules, Regulations, and Minimum Essentials Governing the Preparation and Certification of Teachers and Administrators", July, 1975, p. 45. With regard to the general education requirements for this certificate, among other things, 50 semester hours of credit in general education is required. With regard to professional education, a minimum of 21 semester hours of credit is required in professional teacher-education courses. This requirement includes an additional requirement of at least six semester hours of student teaching, that is, the laboratory experience of a student working in close cooperation with a supervising teacher in a regular school situation. With respect to the specialized education requirements for this certificate, the subject rules and regulations require a minimum of 25 semester hours of credit in specialized education for elementary teachers, that is, work in subject-field content and/or methods and materials especially appropriate to preparation for teaching at the elementary level. Comparable specific requirements can be found in connection with the other various types of teaching certificates. In essence, it becomes apparent that Rule No. 13, in effect, recognizes and grants prior outside service and teaching experience credit for those who have had the education, training and experience deemed to be preparatory to entering the teaching profession under the supervision and jurisdiction of the State Board of Education. Conversely, the subject rule does not allow prior teaching experience credit for those who do not possess or meet the preparatory requirements but nevertheless have comparable outside teaching experience pursuant to employment, as a teacher, at an institution of higher education. Accordingly, the actual and apparent basis for the classification or distinction is the referred preparatory training, education and experience. We cannot deem nor hold this basis for distinction to be arbitrary, capricious nor unreasonable, nor can we deem this to constitute an irrational basis for distinction nor to constitute a form of invidious discrimination. Under the authorities herein cited, classifications based upon training, experience and preparatory education are reasonable and constitutionally permissible. In this connection, it should be again noted that the granting of outside experience credit is not premised upon the actual possession of a teaching certificate at the time such prior service was performed, but is rather premised upon having been eligible to have obtained such a certificate at that time and thus, at that time, possessing the requisite training, education and experience for same. Accordingly, in the express context of your question, should both individuals possess the same outside teaching experience and the same preparatory training, experience and education, each would be entitled to treatment, for experience credit purposes, equal to the other, regardless of one actually possessing a teaching certificate as opposed to the other who does not. It is, therefore, the opinion of the Attorney General that your question be answered as follows. Rule No. 13 of the "State Board of Education Regulations for Administration and Handbook on Budgeting and Business Management", Bulletin No. 145-S, 1977-1978, providing for the granting of outside experience credit if one, at the time of such prior and outside teaching experience, was otherwise eligible to have obtained a teaching certificate, is not unconstitutional under the Equal Protection Clause of theFourteenth Amendment to the United States Constitution nor under applicable state law. Classifications, for teaching experience credit purposes, based, in part, upon preparatory education, training and experience, are constitutionally permissible. (R. THOMAS LAY)